## COMMONWEALTH vs. EDWARD McDONOUGH.

A statute imposing, for an offence, the penalty of a fine of not less than two hundred nor more than one thousand dollars, or imprisonment not exceeding one year, is repealed by the enactment of a subsequent statute, which contains no saving clause as to offences already committed, and imposes for the like offence the penalty of a fine of not less than fifty nor more than one hundred dollars, and imprisonment not less than three nor more than twelve months, unless the offender shall prove to the satisfaction of the court that he has not before been convicted of a similar offence, in which case he may, in the discretion of the court, be sentenced to be punished by imprisonment without fine, or by fine without imprisonment. And after the enactment of such subsequent statute, one who committed the offence before its enactment cannot be punished, even by being sentenced to pay the *minimum* fine fixed thereby.

The Gen. Sts. *c.* 87, § 7, imposing a punishment for keeping or maintaining a building used for the illegal keeping or sale of intoxicating liquors, being repealed by *St.* 1866, *c.* 280, no punishment can be imposed, either under Gen. Sts. *c.* 174, § 1, or by common law, for keeping or maintaining such building prior to the passage of *St.* 1866, *c.* 280, although the Gen. Sts. *c.* 87, § 6, declares all buildings so used to be common nuisances.

COMPLAINT charging the defendant with keeping a tenement used by him for the illegal sale and illegal keeping for sale of intoxicating liquors, from August 17th to October 17th 1865. Judgment was entered against the defendant in the municipal court on the 25th of July 1866, and he was thereupon sentenced to pay a fine of fifty dollars and costs ; and he appealed to the superior court, where at November term 1866 he pleaded guilty, and moved in arrest of judgment, on the ground that there was no law by which sentence could be imposed upon him. This motion was overruled, and he alleged exceptions.

*J. H. Butler*, for the defendant.

*P. E. Aldrich*, for the Commonwealth. Under *St.* 1866, *c.* 280, the *minimum* fine is fifty dollars, which is one hundred and fifty dollars less than that under former statutes ; and in this case the defendant was sentenced to a fine of one hundred and fifty dollars less than that to which he would have been sentenced, if the *St.* of 1866, *c.* 280, had not been enacted. What, then, has ae to complain of? It may be said that under *St.* 1866, *c.* 280, ₰ 3, he might have been sentenced to fine and imprisonment; while under former statutes he could only have been sentenced to fine or imprisonment. This is true of that section, but not

of § 1. But a part of a statute, or even of a section of a stat-
ute, may be valid and constitutional, and another part not
*Prima facie*, a statute can only be called in question by one
who is injuriously affected by it. The defendant is not injuri-
ously affected by this statute, but has been benefited. An *ex
post facto* law is one which necessarily enhances the penalty.
All parties violating Gen. Sts. *c.* 87, before the passage of *St*
1866, *c.* 280, have been sentenced to a fine of only fifty dollars.
*Tuttle* v. *Commonwealth*, 2 Gray, 505. *Garvey* v. *Commonwealth*,
8 Gray, 382. *Commonwealth* v. *Daley*, 4 Gray, 209.

Though Gen. Sts. *c.* 87, § 7, may be repealed, § 6 of the same
chapter, declaring what shall constitute common nuisances, is
not. The latter therefore stands as a statute declaring an offence,
with no statute provisions for its punishment, (in case the court
hold § 7 to have been repealed,) and punishment may accord-
ingly be inflicted, either under Gen. Sts. *c.* 174, § 1, or at common
law. The statute, in declaring buildings used for these purposes
to be nuisances, did not make them so, but only recognized an
existing fact. The statute only establishes a rule of evidence.
The common judgment of mankind, long before any legislation
upon the subject, ranked all such places as nuisances. See
*Commonwealth* v. *Harrington*, 3 Pick. 26.

CHAPMAN, J. 1. The complaint alleges that the defendant,
from August 17th to October 17th 1865 kept a tenement in
Boston by him used for the illegal sale and illegal keeping for
sale of intoxicating liquors, to the great injury and common nui-
sance of the citizens of the Commonwealth, and contrary to
the statute. The complaint was made October 18th 1865, when
the Gen. Sts. *c.* 87, §§ 6, 7, and *St.* 1865, *c.* 269, were in force.
Judgment was not rendered till July 25th 1866. In the mean
time, *St.* 1866, *c.* 280, had been passed, increasing the penalty
for this offence, and repealing the former statutes so far as they
were inconsistent with it. It has been held in the case of *Fla-
herty* v. *Thomas*, 12 Allen. 428, that the latter statute operated
as a repeal of the former statutes above named, prescribing a
punishment for keeping or maintaining the kind of nuisances
mentioned in Gen. Sts. *c.* 87, § 6. But though *St.* 1866, *c* 280

Commonwealth *v.* McDonough.

§ 3, increases the penalty from fine or imprisonment to fine
and imprisonment, yet it is now contended that under the first
section the defendant may be able to reduce the penalty from
what it was before.   Under the prior acts, the fine was not less
than $200, nor over $1000, and the imprisonment was not more
than a year.   Under the latter act the fine was not less than
$50, nor more than $100, which is a great reduction ; but the
imprisonment is not less than three months, nor more than
twelve, which is an increase of the *minimum.*   By § 4 of the
latter statute, it is provided that the punishment may be by fine
or imprisonment in all cases where the offender shall prove or
show to the satisfaction of the court that he has not before been
convicted of a similar offence.   In such case the punishment
may be by a fine of $50, as it actually was in this case.   But
the burden of proof is thrown upon him to establish the fact
that it is a first conviction, in order to entitle himself to any
mitigation ; and he is even then exposed to imprisonment, which
must be for at least three months, while it might have been for
a shorter term under the former statutes.   We cannot regard the
act of 1866 otherwise than as imposing a liability which did not
exist when the offence was committed.   The case comes within
the principle stated in *Commonwealth* v. *Marshall,* 11 Pick. 350,
and the subsequent cases on the same point.

2. It is contended on the part of the Commonwealth, that
though the act of 1865, *c.* 269, and Gen. Sts. *c.* 87, § 7, are
repealed by the act of 1866, yet § 6 of Gen. Sts. *c.* 87, is not
repealed.   This section declares the offence, but does not pre-
scribe the penalty.   It is said, therefore, that the offence may
be punished according to the provision of Gen. Sts. *c.* 174, § 1.
This section provides that in case of legal conviction, where no
punishment is provided by statute, the court shall award such
sentence as is conformable to the common usage and practice
in this state, according to the nature of the offence, and not re-
pugnant to the constitution.   But when this offence was com-
mitted and this complaint was made, the punishment was pro-
vided by statute, and therefore the Gen. Sts. *c.* 174, did not
apply to it.   The penalty was repealed by the statute of 1866,

without a saving clause, and we must presume that the repeal was made by the legislature in view of the principle stated in *Commonwealth* v. *Marshall*, above cited, that if the law ceases to operate by its own limitation or by a repeal at any time before, no judgment can be given. Hence it is usual in every repealing law to make it operate prospectively only, and to insert a saving clause, preventing the operation of the repeal, and continuing the repealed law in force, as to all pending prosecutions, and often as to all violations of the existing law already committed. We must also presume that the legislature had in view the principle of criminal law so important and so well established, that penal statutes are to be construed strictly. We cannot think that they intended to apply the provision of Gen. Sts. *c.* 174, above mentioned, to offences against *c.* 87, § 6, or that a fair construction of the statute will permit us to do so.

3. It is further contended that the offence set forth in the complaint was a nuisance at common law, and may be punished as such, if it is held that the statute penalty is repealed. No authority is cited in favor of this position, and those which we have examined are opposed to it. In 1 Bish. Crim. L. § 1047, it is said that, aside from statutory provisions, a crime is not committed by selling intoxicating liquors. Merchants have always dealt in wines and other liquors in large quantities, without being subject to prosecution at common law. Innkeeping was a lawful trade, open to every subject without license at common law. If he sold corrupt wines or victuals, an action lay against him. He might recover the price of wines sold by him by action of debt. Bac Ab. Inns. 8 Co. 147. So it was lawful to keep an alehouse. 1 Russell on Crimes, 323, and note.

In the argument for the Commonwealth, such places as the defendant is charged with keeping are classed with brothels and gaming-houses, and it is argued that they are all equally nuisances. But it was not so at common law. Brothels and gaming-houses were held to be nuisances under all circumstances ; but alehouses were not, unless they became disorderly and in such cases they were held to be nuisances on account of the disorderly conduct in them, whether the keeper were licensed

or not. But by Gen. Sts. *c.* 87, § 6, a druggist's store is made a nuisance if he sells intoxicating liquors in it, though it be only in cases of sickness, and by a physician's prescription ; a merchant's store is a nuisance, if he sells such liquors exclusively to chemists, artists or manufacturers, to be used in their business ; and a farmer's house is a nuisance, if he sells the cider which he has made on his farm, and stored in his cellar, for the purpose of being used as a beverage. Certainly this was not so at common law ; and, as it is not alleged that the defendant kept a disorderly house, he cannot be held guilty of an offence at common law. He has offended against a statute ; and though it is desirable that all offenders against our penal laws should be punished, yet it is better that one should occasionally escape than that the fundamental principles of the criminal law should be violated. It is also to be considered that the legislature might have inserted in the repealing act a saving clause which would have prevented the defendant's escape, if they had seen fit to do so. If they omitted it through mistake, the court cannot correct the mistake. Nor have we a right to decide that the omission was by mistake. *Exceptions sustained.*